UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY J. FAILS,

     Petitioner,

v.                                     Case No.  3:13cv455/LC/CJK

MICHAEL D. CREWS,

     Respondent.
_____/

## REPORT AND RECOMMENDATION

     Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record.  (Doc. 21).  Petitioner opposes dismissal. (Docs. 24, 25).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On September 28, 2004, petitioner was charged by Information filed in Escambia County Circuit Court Case No. 04-CF-3733, with Sexual Battery (Count 1), Aggravated Battery with a Deadly Weapon (Count 2) and False Imprisonment (Count 3).  (Doc. 21, Ex. C, p. 1).[1]  Petitioner went to trial and, on February 1, 2005, was found guilty by jury verdict of Attempted Sexual Battery (a Lesser Included Offense of Sexual Battery); Aggravated Battery (as charged in Count 2); and Battery (a Lesser Included Offense of False Imprisonment).  (Ex. C, p. 10).  By judgment and sentence rendered November 2, 2005, petitioner was adjudicated guilty and sentenced to 15 years imprisonment on Count 1, a consecutive 15-year term of imprisonment on Count 2, and time served on Count 3.  (Ex. C, pp. 57-65).  Petitioner filed a Notice of Appeal.  (Ex. C, p. 69).  The appeal was assigned Case No. 1D05-5949. Petitioner's appellate counsel filed an *Anders* brief, asserting that no good faith argument could be made that reversible error occurred in the trial court.  (Ex. E). Petitioner was given the opportunity to file a *pro se* brief.  (Ex. F).  In response, petitioner filed a Notice of Voluntary Dismissal.  (Ex. G).  The Florida First District Court of Appeal ("First DCA") dismissed petitioner's direct appeal on November 28, 2006, pursuant to petitioner's voluntary dismissal.  (Ex. B; *see also* Ex. I, p. 21).

Prior to the conclusion of his direct appeal, on October 29, 2006, petitioner filed a *pro se* motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a).  (Ex. I, p. 1).  The trial court denied the motion by order rendered January 10, 2007.  (*Id*., pp. 4-21).  Petitioner's time to appeal expired on February 9, 2007.  *See* Fla. R. App. P. 9.110(b) (providing 30 days in which to appeal a final

---

[1]All references to exhibits are to those provided at Doc. 21, unless otherwise noted.

order of a trial court).  Petitioner did not timely appeal.  Petitioner filed a notice of appeal on February 21, 2007.  (*Id*., p. 22).  The appeal was assigned Case No. 1D07-1418.  (Ex. H).  The First DCA dismissed the appeal on June 5, 2007, for lack of jurisdiction, finding that petitioner's notice of appeal was untimely, having been filed more than 30 days after rendition of the January 10, 2007 order.  *Fails v. State*, 957 So. 2d 1270 (Fla. 1st DCA 2007) (copy at Ex. J).

While the Rule 3.800(a) proceeding was pending, on October 24, 2006, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. L).  On January 10, 2007, the state circuit court dismissed the motion without prejudice as facially insufficient.  (Ex. M).  Petitioner appealed, and the appeal was assigned Case No. 1D07-544.  (Ex. N).  The First DCA per curiam affirmed on June 26, 2007, without a written opinion.  *Fails v. State*, 959 So. 2d 720 (Fla. 1st DCA June 26, 2007) (Table) (copy at Ex. O).  The mandate issued July 24, 2007.  (Ex. N).

On March 30, 2007, petitioner filed a second Rule 3.800(a) motion to correct illegal sentence.  (Ex. P).  By order rendered July 27, 2007, the circuit court dismissed the motion without prejudice as facially insufficient.  (Ex. Q).  Petitioner did not appeal.

On April 2, 2007, petitioner filed a second Rule 3.850 motion for postconviction relief, (Ex. R), and on April 20, 2007, petitioner filed a third Rule 3.850 motion.  (Ex. S).  By order rendered July 27, 2007, the circuit court dismissed both motions as facially insufficient.  (Ex. T).  Petitioner did not appeal.

On or about April 17, 2007, petitioner filed in the First DCA a petition alleging ineffective assistance of appellate counsel.  (Ex. U).  The case was assigned Case No.

1D07-2145.  The First DCA dismissed the petition on June 8, 2007, for petitioner's failure to serve a copy on the State of Florida.  (Ex. V).

On June 20, 2007, petitioner filed a third Rule 3.800(a) motion to correct illegal sentence.  (Ex. W).  The circuit court denied the motion on July 27, 2007.  (Ex. X).  Petitioner did not appeal.

On August 1, 2007, petitioner filed his fourth Rule 3.800 motion to correct illegal sentence.  (Ex. Z, pp. 1-11).  The circuit court denied the motion on March 24, 2008.  (*Id*., pp. 12-57).  Petitioner appealed.  (*Id*., p. 58).  The appeal was assigned Case No. 1D08-1827.  The First DCA per curiam affirmed on September 25, 2008, without a written opinion.  *Fails v. State*, 994 So. 2d 307 (Fla. 1st DCA Sept. 25, 2008) (Table) (copy at Ex. AA).  The mandate issued November 25, 2008.  (Ex. CC).  On December 2, 2008, petitioner filed a petition for discretionary review in the Florida Supreme Court.  (Ex. DD).  The Florida Supreme Court dismissed for lack of jurisdiction on December 3, 2008, citing *Jenkins v. State*, 385 So. 2d 1356 (Fla. 1980).  *Fails v. State*, 998 So. 2d 1144 (Fla. Dec. 3, 2008) (Table) (copy at Ex. FF).

On or about January 14, 2008, petitioner filed a state petition for writ of habeas corpus in the First DCA.  (Ex. GG).  The case was assigned Case No. 1D08-185.  The First DCA dismissed the petition on February 20, 2008, for petitioner's failure to serve a copy on the State of Florida.  (Ex. JJ).

On May 5, 2008, petitioner filed in the First DCA a second petition alleging ineffective assistance of appellate counsel.  (Ex. LL).  The case was assigned Case No. 1D08-2255.  The First DCA denied the petition on the merits on June 25, 2008.  *Fails v. State*, 987 So. 2d 111 (Fla. 1st DCA 2008) (copy at Ex. MM).  Petitioner's motion for rehearing was denied on August 6, 2008.  *Id*. (copy at Ex. NN).

On May 6, 2008, petitioner filed a fourth Rule 3.850 motion for postconviction relief.  (Ex. OO).  By order rendered February 20, 2009, the circuit court dismissed in part and otherwise denied the motion.  (Ex. RR).  Petitioner did not appeal.

On August 19, 2008, petitioner filed in the First DCA various motions and documents related to a claim of newly discovered evidence, as an original filing under the auspices of an appeal.  (Exs. TT, UU).  The case was assigned Case No. 1D08-4134.  The State moved to dismiss the appeal and to treat petitioner's initiating document – the notice of appeal – as a petition to invoke the discretionary jurisdiction of the Florida Supreme Court.  (Ex. VV).  On October 14, 2008, the First DCA granted the State's motion, dismissed the proceeding for lack of jurisdiction, and transferred the notice of appeal to the Florida Supreme Court for consideration as a notice to invoke that court's discretionary jurisdiction to review the First DCA's decision in 1D08-2255.  (Ex. XX).  The Florida Supreme Court dismissed the case on October 17, 2008, for lack of jurisdiction.  *Fails v. State*, 994 So. 2d 1104 (Fla. Oct. 17, 2008) (Table) (copy at Ex. ZZ).

On September 20, 2008, petitioner filed in the state circuit court a document titled "Newly Discovered Evidence."  (Ex. AAA).  The circuit court dismissed the motion on February 20, 2009, for petitioner's failure to comply with Florida's verification requirement.  (Ex. BBB).  The dismissal was without prejudice to petitioner's filing a properly sworn motion.  (*Id*.).

On or about November 17, 2008, petitioner filed a petition for writ of mandamus in the Florida Supreme Court.  (Ex. CCC).  The Florida Supreme Court denied the petition on the merits on February 20, 2009.  *Fails v. State*, 4 So. 3d 1220 (Fla. Feb. 20, 2009) (Table) (copy at Ex. FFF).

On March 4, 2009, petitioner filed another motion titled "Newly Discovered Evidence" in the state circuit court.  (Ex. GGG).  The circuit court construed the motion as filed under Fla. R. Crim. P. 3.850, and dismissed it on March 25, 2009, as legally insufficient.  (Ex. HHH).  Petitioner did not appeal.

On March 30, 2009, petitioner filed a petition for writ of certiorari in the First DCA.  (Ex. JJJ).  The petition was dismissed on May 27, 2009, for petitioner's failure to pay the filing fee (or submit a proper *in forma pauperis* (IFP) application).  (Ex. KKK, LLL).  Petitioner moved for reinstatement three times, but was unsuccessful.  (*See* Ex. III, MMM).  On or about November 5, 2009, petitioner filed a petition for writ of mandamus in the Florida Supreme Court, apparently regarding the First DCA's refusal to accept his certiorari petition.  (Ex. NNN).  The Florida Supreme Court returned the petition to petitioner because it was not signed.  (Ex. OOO).  After separate orders relating to petitioner's failure to comply with various filing requirements (Exs. PPP, QQQ), the Florida Supreme Court dismissed the mandamus petition on April 29, 2010, for petitioner's failure to timely file a proper IFP motion.  *Fails v. State*, 36 So. 3d 83 (Fla. Apr. 29, 2010) (Table) (copy at Ex. RRR).

On April 8, 2009, petitioner filed a fifth Rule 3.850 motion in the circuit court.  (Ex. TTT, pp. 1-13).  The circuit court denied relief on July 17, 2009.  (*Id*., pp.  14-38).  The circuit court also warned petitioner that it would not tolerate successive filings raising frivolous or repetitious claims, and that if petitioner filed a future *pro se* motion which the court deemed frivolous or repetitious, the court would order him to show cause why he should not be prohibited from filing additional pleadings unless reviewed and signed by an attorney licensed to practice law in the State of Florida.  (*Id*., p. 16).  Petitioner appealed the order.  (*Id*., p. 48).  The appeal was assigned Case

No. 1D09-4967.  The First DCA per curiam affirmed on January 20, 2010, without a written opinion.  *Fails v. State*, 26 So. 3d 584 (Fla. 1st DCA Jan. 20, 2010) (Table) (copy at Ex. UUU).  The mandate issued February 17, 2010.  (Ex. VVV).

On August 3, 2009, petitioner filed a fifth Rule 3.800(a) motion to correct illegal sentence.  (Ex. WWW).  The circuit court dismissed the motion as facially insufficient on September 4, 2009, again admonishing petitioner against future frivolous motions.  (Ex. XXX).  Petitioner did not appeal.

On September 9, 2009, petitioner filed a sixth Rule 3.800(a) motion to correct illegal sentence.  (Ex. YYY).  The circuit court denied the motion on October 8, 2009. (Ex. ZZZ).  Petitioner did not appeal that order.

By separate order rendered January 22, 2010, the circuit court determined that petitioner had abused the judicial process and should be barred from future *pro se* filings in his criminal case.  (Ex. BBBB, p. 55).  The court prohibited petitioner from filing any additional pleadings in his criminal case unless said pleadings were reviewed and signed by an attorney licensed to practice law in the State of Florida. (*Id*., pp. 55-56).  Petitioner appealed.  (*Id*., p. 57).  The appeal was assigned Case No. 1D10-1077.  The First DCA dismissed the appeal on April 28, 2010, for petitioner's failure to pay the filing fee and failure to file an amended notice of appeal with a proper certificate of service and original signature.  (Ex. FFFF).   On August 10, 2010, petitioner moved to reinstate the appeal.  (Ex. GGGG).   The motion was denied on September 8, 2010.  (Ex. HHHH).

On or about October 12, 2009, petitioner filed a second state habeas petition in the First DCA.  (Ex. IIII).  The case was assigned Case No. 1D09-5197.  The First DCA per curiam denied the petition on October 30, 2009, citing *Baker v. State*, 878

So. 2d 1236 (Fla. 2004). *Fails v. State*, 20 So. 3d 1003 (Fla. 1st DCA Oct. 30, 2009) (copy at Ex. JJJJ).

On or about October 16, 2009, petitioner filed a third state habeas petition with the First DCA. (Ex. KKKK). The case was assigned Case No. 1D09-5366. The First DCA per curiam denied the petition on November 9, 2009, citing *Baker v. State*, 878 So. 2d 1236 (Fla. 2004). *Fails v. State*, 23 So. 3d 743 (Fla. 1st DCA Nov. 9, 2009) (copy at Ex. LLLL).

On or about November 5, 2009, petitioner filed a petition for writ of mandamus in the Florida Supreme Court. (Ex. MMMM). The Florida Supreme Court dismissed the petition on April 29, 2010, for petitioner's failure to timely file a proper IFP motion as directed by an earlier order. *Fails v. State*, 36 So. 3d 83 (Fla. Apr. 29, 2010) (Table) (copy at Ex. QQQQ).

On January 5, 2010, petitioner filed a sixth Rule 3.850 motion for postconviction relief. (Ex. SSSS, pp. 1-15). The trial court dismissed the motion with prejudice as successive, on January 22, 2010. (*Id*., pp. 16-17). Petitioner appealed. (*Id*., p. 18). The appeal was assigned Case No. 1D10-1076. The First DCA dismissed the appeal on April 28, 2010, for petitioner's failure to pay the filing fee and failure to file an amended notice of appeal with a proper certificate of service and original signature (Ex. WWWW). On August 8, 2010, petitioner moved to reinstate the appeal. (Ex. XXXX). The motion was denied on September 3, 2010. (Ex. YYYY).

On or about March 10, 2010, petitioner filed a fourth state habeas petition in the First DCA. (Ex. ZZZZ). The case was assigned Case No. 1D10-1199. The First DCA per curiam denied the petition on May 10, 2010, citing *Baker v. State*, 878 So.

2d 1236 (Fla. 2004).  *Fails v. State*, 35 So. 3d 75 (Fla. 1st DCA May 10, 2010) (copy at Ex. CCCCC).

On or about June 30, 2010, petitioner filed a fifth state habeas petition in the First DCA.  (Ex. DDDDD).  The case was assigned Case No. 1D10-3485.  The First DCA per curiam dismissed the petition on September 13, 2010, on the grounds that the claims were procedurally barred and without merit.  *Fails v. State*, 46 So. 3d 1032 (Fla. 1st DCA 2010) (copy at Ex. FFFFF).   The court further determined that petitioner's repetitive attacks on his conviction were an abuse of the legal process that had substantially interfered with the orderly process of judicial administration.  The court prohibited petitioner from filing any further *pro se* pleadings in the First DCA challenging his conviction in his underlying criminal case, unless he was represented by a member in good standing of The Florida Bar.  (*Id*.).  Petitioner's motion for rehearing was denied on November 9, 2010.  (Ex. HHHHH).

On August 11, 2010, petitioner filed a petition for writ of mandamus in the Florida Supreme Court.  (Ex. IIIII).  The Florida Supreme Court dismissed the petition on September 14, 2010, for petitioner's failure to timely file a proper petition in accordance with an earlier order determining that the petition failed to comply with procedural filing requirements.  *Fails v. State*, 46 So. 3d 47 (Fla. Sept. 14, 2010) (copy at Ex. KKKKK).

On January 20, 2011, petitioner filed another mandamus petition in the Florida Supreme Court.  (Ex. LLLLL).  The Florida Supreme Court dismissed the petition on March 21, 2011, for petitioner's failure to timely submit the filing fee or a proper IFP motion as required by Fla. R. App. P. 9.100(b), as directed by an earlier order.  *Fails v. State*, 59 So. 3d 108 (Fla. Mar. 21, 2011) (Table) (copy at Ex. NNNNN; *see also*

Ex. MMMMM (earlier order).

On March 15, 2011, petitioner filed another mandamus petition in the Florida Supreme Court. (Ex. OOOOO). The Florida Supreme Court dismissed the petition on May 5, 2011, for petitioner's failure to submit the filing fee or a proper IFP motion as required by Fla. R. App. P. 9.100(b), as directed by an earlier order. *Fails v. State*, 63 So. 3d 748 (Fla. May 5, 2011) (Table) (copy at Ex. QQQQQ; *see also* Ex. PPPPP (earlier order).

On May 20, 2013, petitioner filed a mandamus petition in the Florida Supreme Court, seeking to remove the First DCA's and the circuit court's prohibitions on his *pro se* filings. (Ex. SSSSS). On July 2, 2013, the Florida Supreme Court ordered petitioner to submit the filing fee or a proper IFP motion. (Ex. TTTTT). On July 26, 2013, petitioner moved to dismiss his petition. (Ex. UUUUU). The Florida Supreme Court dismissed the petition on August 22, 2013, pursuant to petitioner's voluntary dismissal. *Fails v. State*, 123 So. 3d 557 (Fla. Aug. 22, 2013) (Table) (copy at Ex. VVVVV).

On July 9, 2013, petitioner filed a state habeas petition in the Leon County Circuit Court. (Ex. WWWWW). Because the petition challenged petitioner's Escambia County convictions, the petition was transferred to the Escambia County Circuit Court. (Ex. XXXXX). On August 13, 2013, the Escambia County Circuit Court directed that the clerk file the petition, but that no further action be taken by the court. (*Id*.).

Petitioner filed his federal habeas petition in this court on August 7, 2013. (Doc. 1). The petition raises six grounds for relief: (1) ineffective assistance of trial counsel for failing to move to dismiss the charges on grounds of insufficient evidence

(lack of proof of union or penetration, DNA evidence, or forensic evidence); (2) ineffective assistance of trial counsel for requesting jury instruction for lesser included offense for which there was not sufficient evidence; (3) ineffective assistance of trial counsel for failing to object to trial court's refusal to re-instruct the jury after giving the jury improper instructions; (4) ineffective assistance of trial counsel for failing to "review any important alibi witnesses before trial and call medical expert to give testimony about DNA to better explain to the jury that the Rape exam determined he was already exonerated;" (5) ineffective assistance of trial counsel due to conflict of interest arising from Public Defender's Office's simultaneous representation of petitioner and the victim; and (6) ineffective assistance of appellate counsel for filing *Anders* brief.   (Doc. 1, pp. 4-24). Respondent asserts that the petition is untimely and should be dismissed.  (Doc. 21). Petitioner opposes dismissal on the grounds that he is entitled to equitable tolling and is actually innocent.  (Docs. 24, 25).

## DISCUSSION

### Timeliness

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

The First DCA dismissed petitioner's direct appeal on November 28, 2006, pursuant to petitioner's voluntary dismissal.  Assuming, without deciding, that petitioner was entitled to the 90-day period for seeking review in the Supreme Court of the United States, petitioner's conviction became "final" for purposes of § 2244 on February 26, 2007.  Absent tolling, petitioner had until February 26, 2008, to file

his federal habeas petition.

The court need not address the applicability of statutory tolling to each of petitioner's postconviction motions, individually, because even giving petitioner the benefit of statutory tolling from February 26, 2007 (the date his conviction became final) until November 9, 2010 (the date rehearing was denied in his fifth state habeas proceeding (Case No. 1D10-3485)), petitioner's federal habeas petition is untimely. Petitioner's federal habeas limitations period would have expired one year from November 9. 2010.   Petitioner had no properly filed state applications for postconviction or other collateral review pending from November 9, 2010, to November 9, 2011.

Petitioner's mandamus petitions filed in the Florida Supreme Court on January 20, 2011, and March 15, 2011, do not qualify for statutory tolling because they were not "properly filed" within the meaning of § 2244(d)(2).  An application is "properly filed" under § 2244(d)(2), "when it is delivered to, and accepted by, the appropriate court officer for placement into the official record."  *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 363, 148 L. Ed. 2d 213 (2000).  The term "properly filed" thus refers to the application's "compliance with the applicable laws and rules governing filings."  *Id*. at 8, 121 S.Ct. at 364.  Filing requirements include, for example, "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  *Id*. (footnote omitted).  Petitioner's mandamus petitions were dismissed upon the Florida Supreme Court's determination that they failed to comply with Florida's filing fee requirement, Fla. R. App. P. 9.100(b).  This court defers to the state court's procedural determinations.  *See Pace v. DeGuglielmo*, 544 U.S. 408, 414, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)

("When a postconviction petition is [not properly filed] under state law 'that [is] the end of the matter' for purposes of § 2244(d)(2)." (*quoting Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002)) (first alteration added).

Any of petitioner's later postconviction applications filed <u>after</u> the federal habeas limitations period expired on November 9, 2011, do not qualify for statutory tolling. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir.) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (citing cases)), *cert. denied*, 133 S. Ct. 184 L. Ed. 2d 266 (2012); *see also Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (holding that state court's granting of petitioner's motion to file belated postconviction appeal, which was filed after the federal habeas limitations period expired, did not relate back so as to toll the idle period between expiration of the time to appeal and the grant of a late appeal); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner's federal limitations period expired on November 9, 2011. Petitioner's federal habeas petition, filed on August 7, 2013, is untimely.

<u>Equitable Tolling</u>

Petitioner argues he is entitled to equitable tolling because he is mentally ill and because he has been confined in close management for the last five years. (Docs. 24, 25).[2]  A federal habeas petitioner is entitled to equitable tolling "only if he shows

---

[2]Petitioner's two responses, Documents 24 and 25, present the same allegations and legal argument.  The only difference is that Document 24 is handwritten and Document 25 is typewritten.

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence").   "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)).   The petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267.   "'A determination as to whether rare and exceptional circumstances are presented requires the examination of the facts in each case.'" *Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) (*quoting Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006)).

Petitioner's general allegation that he suffers from mental illness requiring medication is insufficient to justify equitable tolling, as petitioner fails to establish that his mental condition rendered him incompetent and unable to pursue his rights. To the contrary, the record establishes that petitioner has actively, aggressively, and repeatedly challenged his conviction since his incarceration in 2005.

To the extent petitioner provides more specific allegations of debilitated mental health during his confinement in a "suicidal cell" from January 16, 2008, to January 22, 2008; and from February 15, 2008, to March 5, 2008, (doc. 25, Ex. HH), this does

not affect the timeliness of his federal habeas petition, because the court's analysis above gave petitioner the benefit of statutory tolling during both periods.  Petitioner asserts that his confinement in the "suicidal cell" also affected his ability to prosecute First DCA Case No. 1D10-1076 (pending from January 5, 2010, to April 28, 2010) and First DCA Case No. 1D10-1077 (pending from January 22, 2010, to April 28, 2010), (doc. 25, Ex. XXXX), but he fails to establish, and the court cannot discern, how petitioner's brief period of confinement in a suicide cell in 2008 prevented him from pursuing his rights two years later in 2010.  Moreover, the court's analysis of statutory tolling, above, already gave petitioner the benefit of tolling during the period First DCA Case Nos. 1D10-1076 and 1D10-1077 were pending.

Petitioner also seeks equitable tolling during his one-year period of confinement in a Crisis Stabilization Unit (CSU) and a Temporary Stabilization Unit (TSU) due to his mental health issues.  (Doc. 25, p. 9).  Petitioner asserts he was admitted to the CSU on January 21, 2011, and did not "recover[ ] [from] this dilemma" until June of 2012.  (*Id*.).  Even assuming *arguendo* that petitioner's hospitalization prevented him from filing a federal habeas petition, petitioner allowed 14 months to lapse after his "recovery" before filing his federal habeas petition.  The record does not support a finding of extraordinary circumstances or diligence during this period.

Petitioner's final point is that he is entitled to equitable tolling due to his confinement in punitive segregation and close management for the last five years.  In support, petitioner asserts he "was confined in a single cell 24 hours a day and was unable to attend the law library, and was denied legal assistance from a Law Clerk or legal aid by D.O.C. officials with a 6 month bank statement, necessary to access the

courts in time to pay the filing fee which is why several of his petition's [sic] were getting dismissed." (Doc. 25, pp. 6-7).  Petitioner's flood of filings in the state courts over the last five years – filings that contain substantial legal argument, citation to legal authorities and documentary exhibits – demonstrates that petitioner's confinement in close management has not prevented him from accessing the courts or pursuing his rights.

Having considered all of petitioner's arguments in support of equitable tolling, the court finds petitioner has not met his burden of establishing that the untimely filing of his federal habeas petition was caused by extraordinary circumstances that were both beyond his control and unavoidable even with diligence.

Actual Innocence

Petitioner argues in the alternative that he is not subject to the statute of limitations bar because he is actually innocent.  Actual innocence, if proved, serves as a gateway through which a federal habeas petitioner may pass to overcome a statute-of-limitations bar to consideration of the merits of his constitutional claims. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013). "[T]enable actual-innocence gateway claims are rare." *Id*., 133 S. Ct. at 1928.  The petitioner must make a threshold showing that satisfies the *Schlup* standard – the standard of proof governing procedural claims of actual innocence.  *McQuiggin*, 133 S. Ct. at 1928 (*citing Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)).  The *Schlup* standard requires the habeas petitioner to demonstrate that constitutional error "probably resulted" in the conviction of one who is actually innocent.  *Id*., 513 U.S. at 324, 326-27, 115 S. Ct. at 865, 867.  A mere allegation of innocence is not enough; "[t]o be credible, such a claim requires petitioner to support

his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.   Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865.   "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329, 115 S. Ct. 851; *see House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).   "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *Id.* (*citing Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).

Petitioner first argues that because there was no DNA evidence, forensic evidence, pubic hair, seminal fluid, or blood on the victim to support his prosecution for sexual battery, he was "immuned" from trial proceedings and should not have been brought to trial on that charge.   (Docs. 24, 25).   Petitioner supports this argument with documentation of a rape examination conducted on the victim in August of 2004, before he was charged.   (Doc. 24, p. 2 (referencing Doc. 1, Ex. A)). Petitioner's assertion of insufficient evidence, or lack of evidence, to support the sexual battery charge does not constitute new reliable evidence of petitioner's actual innocence, because "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 624.   Further, petitioner was not convicted of sexual battery – he was convicted of attempted sexual battery.   Petitioner's proffered

evidence does not establish his innocence of attempted sexual battery.  Finally, the results of the rape examination are not new evidence, as the results were introduced at trial and discussed during witnesses' trial testimony.  (Doc. 21, Ex. D, pp. 85-86, 98-99).[3]

Petitioner also relies on a letter dated May 25, 2008, allegedly written by the victim, as newly discovered evidence of his actual innocence.  (Doc. 25, pp. 15-18).  This letter was the subject of petitioner's state application for postconviction relief filed on March 4, 2009.  (Doc. 25, Attach., K. B. Ltr. 5/25/08).  The unsworn letter reads as follows:

> To whom it may concern -
>
> Anthony Jerome Fails is not guilty of rape.  I feel like everything that happened was so fast that maybe we misjudged a rape, maybe it was all jumbled up and I didn't' understand the concept of the D.A.'s version of rape.
>
> Also, I feel as though Mr. Fails was not represented by his attorney the way he should have been.  She was not representing him with his best intreste [sic] in mind.  I do not feel as though he was represented like he should have been.

(Doc. 25, Attach., K. B. Ltr. 5/25/08).  This unsworn letter does not raise reasonable doubt about petitioner's guilt of attempted sexual battery.

Considered in their totality, petitioner's allegations of actual innocence do not persuade this court that no juror, acting reasonably, would have voted to find petitioner guilty of attempted sexual battery and aggravated battery beyond a

---

[3]To the extent petitioner relies on his underlying claims of ineffective assistance of counsel as evidence of his actual innocence, that argument is equally insufficient, as counsel's alleged shortcomings in representing petitioner do not arguably suggest petitioner is factually innocent.

reasonable doubt.  Petitioner has not met *Schlup*'s demanding standard.

## CONCLUSION

In light of the parties' submissions and the record in this case, the court concludes that petitioner's federal habeas petition was filed outside the AEDPA's one-year statute of limitations.  Petitioner has not established his entitlement to equitable tolling, and has not presented a credible claim of factual innocence.  Petitioner's failure to timely file his federal habeas petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted).  Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 21) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Anthony Jerome Fails* in the Circuit Court for Escambia County, Florida, Case No. 04-CF-3733, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 12th day of May, 2014.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).